**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:05 CR 449** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **LATONYA CROWDER** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is the Motion for Severance of Trial ("Motion") filed by Defendant Latonya Crowder ("Motion") (**ECF No. 43**).  The government filed an opposition to the motion.  *ECF No. 59.*  For the following reasons, the Motion is **DENIED.**

On September 14, 2005, a federal grand jury returned a four-count indictment against James Crowder, Latonya Crowder and Samuel Cannon.  *ECF No. 14, Indictment.*  In Counts 1 and 3, James Crowder is charged with distribution and possession with intent to distribute phencyclidine ("PCP").  *Id.* at 1-2.  In Count 4 of the Indictment, the grand jury charged as follows:

> On or about August 17, 2005, in the Northern District of Ohio, Eastern Division, LATONYA CROWDER as an owner, lessee, occupant, mortgagee and agent of a building, room, and enclosure, namely 1016 Dillewood, Cleveland, Ohio, did knowingly and intentionally rent, lease, profit from and otherwise make available for use, with or without compensation, said building, room and enclosure for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance, in violation of Title 21, Section 856(a)(2), United States Code.

*Indictment,* at 2-3.

In the instant motion, Defendant Latonya Crowder requests that the Court sever her trial from co-defendants James Crowder and Samuel Cannon. *Motion,* at 1.  Mrs. Crowder also requests that her case be tried last, or at least after her husband James Crowder's case, to prevent her husband from invoking his Fifth Amendment right against self-incrimination. *Id.* at 3.

The decision to grant or deny a motion for severance rests within the broad discretion of the district court. *United States v. Long,* 190 F.3d 471, 476 (6th Cir. 1999); *United States v. Blakeney,* 942 F.2d 1001, 1011 (6th Cir. 1991).  Generally, persons jointly indicted should be tried together because "there is almost always common evidence against the joined defendants that allows for the economy of a single trial." *United States v. Lopez,* 309 F.3d 966, 971 (6th Cir. 2002).  In this case, the evidence against James and Latonya Crowder is indisputably intertwined.  However, Federal Rule of Criminal Procedure 14 allows a court to grant a motion for severance if a joint trial appears to prejudice a defendant. FED. R. CRIM. P. 14(a).

A defendant is not entitled to severance merely because she might have a better chance of acquittal if tried alone. *Stanford v. Parker,* 266 F.3d 442, 458 (6th Cir. 2001).  Nor does she

-2-

have a right to severance merely because her defense is antagonistic to that of her co-defendants. *Id*; *Zafiro v. United States,* 506 U.S. 534, 538 (1993) ("Mutually antagonistic defenses are not prejudicial *per se*.").  Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Lopez,* 309 F.3d at 971 (quoting *Zafiro,* 506 U.S. at 539).  "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey,* 393 F.3d 669, 678 (6th Cir. 2005).

Where, as here, the request for severance is based on the asserted need for a co-defendant's testimony, the moving defendant must demonstrate: (1) a bona fide need for the co-defendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) that the co-defendant will in fact testify if the cases are severed.  *Ross v. United States,* 339 F.3d 483, 493 (6th Cir. 2003); *United States v. Causey,* 834 F.2d 1277, 1287 (6th Cir. 1987); *United States v. Parodi,* 703 F.2d 768, 779 (4th Cir. 1983).

Latonya Crowder claims that her husband James can provide material exculpatory evidence bearing directly on her case.  *Motion,* at 1-2.  In an affidavit attached to the motion, counsel for James Crowder states that his client can provide evidence that Mrs. Crowder had no knowledge of the presence of the drugs that were found inside her home, and that the illegal drugs were solely his responsibility.  *Motion, Attach. 1, Affidavit of James R. Willis, Esq.* ¶ 3.  The affidavit also states that Mr. Crowder will testify on behalf of his wife <u>if he is tried first</u>. *Id*. ¶ 2.  The moving defendant has not demonstrated the likelihood that a co-defendant will testify if the cases are severed when the co-defendant's offer to testify is conditioned on his case

-3-

being tried first.  *United States v. Parodi,* 703 F.2d 768, 779 (4th Cir. 1983); *United States v. Broussard,* 80 F.3d 1025, 1038 (5th Cir. 1996).  *See also United States v. Hardman,* No. 86-5524, 1986 WL 18184, at *6 (6th Cir. Oct. 30, 1986) (stating that a co-defendant's conditional offer to testify if tried first will not support a finding that the district court abused its discretion in denying a motion to sever).  The Sixth Circuit has held that it is "not willing to read Rule 14 as a mechanism for alleged co-conspirators to control the order in which they are tried."  *United States v. Blanco,* 844 F.2d 344, 353 (6th Cir. 1988).  Although the present case does not involve conspiracy charges, this Court will similarly not allow the defendants to exploit the rules of joinder.

Even were James Crowder to testify in his wife's trial, the effect of this testimony would not be significant.  It is axiomatic that James Crowder cannot directly testify as to what his wife did or did not know on August 17, 2005 or at any other time.  At most, he would be able to provide circumstantial evidence that she was not aware that drugs were in her home on that day.  The jury is free to give little weight to this evidence given that the witness will be testifying on behalf of a spouse whom he presumably wishes to protect from the enforcement of criminal laws.   As Defendant Latonya Crowder has not met her burden of showing prejudice from a joint trial with her husband, her Motion for Severance of Trial **(ECF No. 43)** is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  1/17/2006*
**Dan Aaron Polster**
**United States District Judge**