POLSTER, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:05cr449 - 3 |
| Plaintiff, | ) | |
| -vs- | ) | MEMORANDUM OF OPINION |
| LATONYA CROWDER, | ) | |
| Defendant(s). | ) | |

On July 5, 2006, Defendant Latonya Crowder was sentenced on Count 4 of the Indictment, for knowingly and intentionally owning, maintaining and making available for use a premises for the purpose of unlawfully storing, distributing, and using a controlled substance, in violation of 21 USC 856(a)(2). Crowder had previously entered a plea of guilty pursuant to a written plea agreement. After two levels off for acceptance of responsibility and a third level off for a timely guilty, the Adjusted Offense Level is 23, and the defendant is in Criminal History Category I. This yields an Advisory Guideline sentencing range of 56 - 57 months. For the

reasons set forth below, the Court is imposing a sentence below the advisory Guideline range.[1]

The Court finds that this is not the typical prosecution under this statute. This was a marital home, and Ms. Crowder had a choice, but made the wrong choice of how to deal with the situation. She basically had two legal choices. Ms. Crowder could have called the police, FBI or DEA and informed them that her husband was dealing drugs out of their home, or she could have thrown him out. Had Ms. Crowder just left the residence with her son, that would not have taken her off the hook because she still owned the house. So she was faced with the difficult choice of either throwing her husband out, or essentially waiving the marital privilege and informing the authorities, which would have resulted in her husband's immediate arrest.

The Court believes that the typical prosecution is where someone has a property that he/she owns and controls, and knowingly allows or facilitates drug trafficking, thus providing a safe haven for the drug activity. The Court believes that it is outside of the heartland when it is the marital home and it is the other spouse that is doing the drug trafficking. The court certainly is not excusing Ms. Crowder's allowance of the drug trafficking in her home. But Ms. Crowder was in a difficult situation, particularly because she has a minor son. And ordinarily, according to Section 5H1.6, family responsibilities are not a factor in determining whether a departure is warranted. But this an unusual situation. The defendant has a nine year old son and her husband is facing a lengthy prison sentence, and for a Court to say that it cannot take into account the fact that this innocent nine year old would be deprived of both of his parents for four years or more would be insensitive, and would not be consistent with both the discretion the Court now has and Title 18 Section 3553(a).

The Court believes that to adequately reflect the seriousness of the offense and promote respect for the law and to afford adequate deterrence to criminal conduct, and to be consistent with all of the factors of Section 3553(a), a prison sentence is warranted. The

---

[1]The Court pronounced this decision from the bench at the July 5, 2006 sentencing hearing

defendant is therefore sentenced to the custody of the Attorney General for 18 months. That is Offense Level 15, Criminal History Category I. The Court has concluded that a sentence of 18 months is sufficient, but not longer than necessary, to meet the statutory objectives of sentencing at se t forth in 18 USC 3553(a).

IT IS SO ORDERED.

*/s/DanAaron Polster 7/19/06*
Dan Aaron Polster
United States District Judge